IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW WELTON,

       Plaintiff,

v.                                          Civil Action No. 3:26cv71

VIRGINIA DEPARTMENT OF CORRECTIONS,

       Defendant.

## MEMORANDUM OPINION

Andew Welton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court on Mr. Welton's Complaint, (ECF No. 1), for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).[2]

By Memorandum Order entered on April 8, 2026, the Court informed Mr. Welton that in order to state a claim under 42 U.S.C. § 1983 he must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). (ECF No. 7, at 1.) The Court directed Mr. Welton to file a particularized complaint. On April 27, 2026, Mr. Welton filed his Particularized Complaint. (ECF No. 7, at 2–3.)

## II. Summary of Allegations and Claims

In his Particularized Complaint, Mr. Welton names the Virginia Department of Corrections as the sole defendant. Mr. Welton states:

> 2.      On or about 2021, I was deprived of medical care and now I'm forced to live the rest of my life with a disability to my dominate hand.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Mr. Welton's Particularized Complaint.

3.      Due to the defendants  "Cruel and Unusual Punishment" I truly believe my Eighth Amendment" right was violated.

4.      The Virginia Department of Corrections is liable because they refused to take me to my medical appointments, which "if taken" could have avoid me living the rest of my life with a disability therefore, I believe the defendant is liable due their actions of cruel and unusual punishment.

(ECF No. 8, at 1.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Mr. Welton's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  As noted previously, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).  Neither "states nor governmental entities that are considered arms of the state for Eleventh Amendment purposes" are persons within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The Virginia Department of Corrections is an arm of the state, and thus is entitled to immunity from suit under the Eleventh Amendment. *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996).  Further, Mr. Welton's Eighth Amendment claim pertaining to the denial of adequate medical care in 2021 is barred by the relevant two-year statute of limitations. *See Gomez v. Hess*, No. 3:20CV750, 2023 WL 35212, at *2 (E.D. Va. Jan. 4, 2023), *aff'd sub nom. Gomez v. Virginia Emp. Comm'n*, No. 23-6108, 2023 WL 4105718 (4th Cir. June 21, 2023).  Accordingly, the action will be DISMISSED for failure to state a claim and as legally frivolous.

### IV. Conclusion

The action will be DISMISSED for failure to state a claim and as legally frivolous. The

Clerk will be DIRECTED to note the disposition for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 5/11/26

Richmond, Virginia

_____ /s/

M. Hannah Lauck

Chief United States District Judge

5